OWEN, WICKERSHAM & ERICKSON, P.C.
GREGORY N. OWEN CBN 122825
LAWRENCE G. TOWNSEND CBN 88184
KATHLEEN E. LETOURNEAU CBN 244747
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: 415.882.3200
Facsimile:  415.882.3232
Email: gowen@owe.com
Email: ltownsend@owe.com
Email: kel@owe.com

*Attorneys for Plaintiff*
MARQUEZ BROTHERS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUEZ BROTHERS INTERNATIONAL, INC., A California corporation<br>      Plaintiff,<br><br>vs.<br><br>JOSE ROMAN-OCHOA a/k/a JOSE OCHOA, An individual,<br><br>and<br><br>PEPE'S FOODS, INC., A California corporation,<br>      Defendants. | Case No. 5:17-cv-4963<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>(1) Federal Trademark Infringement Under 15 U.S.C. §1114<br><br>(2) Common Law Trademark Infringement<br><br>(3) Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a)<br><br>(4) California Statutory Unfair Competition Under California Bus. & Prof. Code §17200 et seq.<br><br>(5) Common Law Unfair Competition;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marquez Brothers International, Inc. ("Plaintiff"), by its undersigned attorneys, Owen, Wickersham & Erickson, P.C., for its Complaint against Defendants Jose Roman-Ochoa a/k/a Jose Ochoa and Pepe's Foods, Inc. ("Defendants"), alleges as follows:

COMPLAINT                                                            1

## NATURE OF THE ACTION

1. This is an action to redress violations of (1) the federal trademark laws under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114, et seq.; (2) common law trademark infringement; (3) federal unfair competition and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (4) unfair competition in violation of California State law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and (5) common law unfair competition as the result of willful and unauthorized use by Defendants of Plaintiff's federally registered and common law trademarks, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining infringement by Defendants of Plaintiff's trademarks, an accounting of Defendants' profits flowing from their unauthorized use of Plaintiff's trademarks, damages as the direct and proximate result thereof, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

2. Plaintiff MARQUEZ BROTHERS INTERNATIONAL, INC. is a California corporation with its principal place of business at 5801 Rue Ferrari, San Jose, California 95138. Plaintiff is engaged in the production, distribution and sale in the United States of a wide variety of authentic Mexican-style food products. It has customers throughout the United States, California and this District.

3. Plaintiff is informed and believes and thereon alleges that Defendant JOSE ROMAN-OCHOA a/k/a JOSE OCHOA is an individual who resides or otherwise does business in this judicial district and is directly engaged in the sale of infringing products bearing Plaintiff's trademarks. Upon information and belief, Defendant Roman-Ochoa is the Owner, President, and/or Chief Executive Officer of Defendant Pepe's Foods, Inc.

4.     Plaintiff is informed and believes and thereon alleges that Defendant PEPE'S FOODS, INC. is a California corporation with its principal place of business at 1045 North 10th Street, Unit C, San Jose, California 95112. Upon information and belief, Defendant Pepe's Foods, Inc. is engaged in the production, distribution and sale of processed and non-processed Latin-American-style food products, including the infringing products complained of herein. Plaintiff and Defendant Pepe's Foods, Inc. are direct competitors.

## JURISDICTION AND VENUE

5.     This action arises under the Lanham Act, 15 U.S.C. §§ 1114, et seq. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.     This Court has personal jurisdiction over the Defendants because Defendants reside in or do business in this district, the events giving rise to the Complaint occurred in this district, and jurisdiction is not inconsistent with the Constitution of California or the United States. Cal. Code Civ. Proc. § 410.10.

7.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because: (i) Defendants are doing business in this judicial district and therefore reside and/or may be found in this district, (ii) a substantial part of the events giving rise to the claims alleged herein occurred in this district, and/or (iii) the infringement and/or unfair competition occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.     Intradistrict assignment on a district-wide basis is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

# ALLEGATIONS OF FACT COMMON TO ALL COUNTS

### Plaintiff's Trademark Rights in the Map Logo

9. Since 1981, Plaintiff has been engaged in the business of producing, distributing, and selling Mexican-style dairy products, meat items, and canned and dry goods under its house brand EL MEXICANO and associated trademarks, including its well-known MB map logo (the "Map Logo") depicted below.






10. Plaintiff owns incontestable federal Trademark Registration No. 1,409,650 incorporating the Map Logo, without any claim to color, for "processed meats, cheese, and pickled vegetables" in International Class 29, with a filing date of June 07, 1985, and registration issuance on September 16, 1986. Plaintiff's first use of the Map Logo was at least as early as March 1982. A copy of Registration No. 1,409,650 from the United States Patent and Trademark Office's online database is attached as Exhibit A.

11. Together, the mark in Registration No. 1,409,650 and the common law Map Logo depicted above will hereinafter be referred to collectively as the "Map Logo Marks".

COMPLAINT 4

12. Plaintiff's Map Logo Marks are displayed on its packaging, www.elmexicano.net website, and marketing materials as an abstract map of Mexico with green, white and red color blocks and the letters MB running horizontally through the middle of the design in prominent stylized letters. Attached as Exhibit B is a representative sample of Plaintiff's use of its Map Logo Marks.

13. Plaintiff possesses all rights, title and interest in and to the Map Logo Marks based on the continuous use of the mark in the U.S. and worldwide commerce by Plaintiff in connection with the aforementioned goods. Plaintiff's products bearing Plaintiff's Map Logo are sold throughout the United States.

14. Plaintiff's Map Logo Marks are inherently distinctive and have become exclusively associated with Plaintiff.

15. As a result of Plaintiff's long and widespread use of the Map Logo Marks on nearly all of its packaging for Mexican-style dairy products, meat items, and canned and dry goods, and the favorable reception of these products by consumers, the public has come to associate the Map Logo Marks with Plaintiff.

**Defendant's Unlawful Conduct**

16. Upon information and belief, Defendants are engaged in the production, distribution and sale of processed and non-processed Latin-American-style food products under the house brand PEPE'S FOODS.

17. Upon information and belief, Defendants began selling cream and cheese bearing a green, white and red map logo (the "Infringing Trade Dress") on or around September 2016.

18. Defendants' products sold under the Infringing Trade Dress are produced and distributed within this judicial district.

19. Defendants' Infringing Trade Dress bears map artwork prominently across the face of their cream and cheese product labels in colors and in a style that slavishly mimics

COMPLAINT                                                                                              5

Plaintiff's Map Logo Marks. As depicted in the images of Defendants' packaging below, Defendants' Infringing Trade Dress includes an abstract map of Mexico with green, white and red color blocks and prominent stylized words running horizontally through the middle of the design.





20. Defendants' Infringing Trade Dress features all of the distinctive elements of Plaintiff's Map Logo Marks and its map artwork is highly visually similar to Plaintiff's Map Logo Marks.

21.     Defendants' Infringing Trade Dress is a deliberate copy of Plaintiff's Map Logo Marks and constitutes a willful infringement of Plaintiff's Map Logo Marks.

22.     Upon information and belief, on December 13, 2016, Defendant Roman-Ochoa filed Application Serial No. 87267330 with the United States Patent and Trademark Office to register the mark:

**PEPE'S FOODS CREMA AMARILLA ESTILO OAXACA**

**(and Design)**



for "cream cheese; cream, being dairy products; sour cream" in International Class 29 (hereinafter "Defendants' Trademark Application").

23.     The design associated with Defendants' Trademark Application bears a green, white and red map logo, similar in style to the Infringing Trade Dress.

24.     In Defendants' Trademark Application, Defendant Ramon-Ochoa swore under oath to the following:

"The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made

of his/her own knowledge are true and all statements made on information and belief are believed to be true."

25. On information and belief, at the time the application was filed, Defendants were aware of Plaintiff's Map Logo Marks and Plaintiff's use of Plaintiff's Map Logo Marks in connection with a wide variety of food products, including cheese and other dairy.

### Dispute Between Plaintiff and Defendant

26. On or about September 19, 2016, Plaintiff wrote to Defendants and demanded that Defendants cease and desist infringing Plaintiff's Map Logo Marks. A true copy of the September 19, 2016 letter is attached hereto as Exhibit C.

27. On or about October 3, 2016, Ms. Cecilia Roman, Defendants' representative, responded to Plaintiff's demand letter via phone call and indicated that Defendants would immediately relabel and/or repackage its products bearing the Infringing Trade Dress.

28. On or about the week of October 10, 2016, Plaintiff's sales manager confirmed that Defendants' cream bearing the Infringing Trade dress was no longer being offered for sale in the marketplace.

29. On or about the week of October 17, 2016, Plaintiff's sales manager informed Plaintiff that Defendants' cream bearing the Infringing Trade Dress had reappeared for sale in at least one store in the San Jose, California area.

30. On or about October 18, 2016, Plaintiff wrote to Defendants a second time to memorialize Defendants' proffered cooperation and to try and resolve the dispute. Plaintiff reiterated its request that Defendants cease and desist infringing the Map Logo Marks and made clear that Plaintiff would be forced to bring an infringement action if Defendants did not cease. A true copy of the October 17, 2016 letter is attached hereto as Exhibit D.

31. Despite representations from Defendants that significant revisions to its Infringing Trade Dress were forthcoming, such changes never occurred. Upon information and belief,

COMPLAINT                                                                                                                                 8

Defendants' uses of the Infringing Trade Dress, or artwork that is very similar in nature as depicted in Defendants' Trademark Application, have increased and their sales of cream and cheese products bearing the Infringing Trade Dress are ongoing.

32. Unless restrained, Defendants' acts of infringement and the resulting likelihood of consumer confusion have caused, are causing, and will continue to cause, irreparable harm to Plaintiff.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

15 U.S.C. § 1114

33. Paragraphs 1-32 are incorporated by reference as though set forth in their entirety herein.

34. Pursuant to 15 U.S.C. §§ 1115(b) and 1065, Plaintiff's U.S. federal trademark registration of the Map Logo serves as prima facie evidence of the validity of the registered mark and of the registration of the mark, Plaintiff's ownership of the mark, and of Plaintiff's exclusive nationwide right to use the registered mark in commerce on or in connection with the goods listed in the registration.

35. Plaintiff's Map Logo Marks are inherently distinctive in connection with processed meats, cheese, and pickled vegetables as a designation of source for Plaintiff. Moreover, the mark is conclusively distinctive because Plaintiff's registration is incontestable under the Lanham Act.

36. Despite having knowledge of Plaintiff's well-known and prior common law and federal statutory rights in the Map Logo Marks, Defendants adopted and used the Infringing Trade Dress in connection with their cream and cheese products.

37. In violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Plaintiff's superior rights, Defendants, without Plaintiff's authorization, adopted, used, and are currently

COMPLAINT                                                                                                          9

using the Infringing Trade Dress that is virtually identical to Plaintiff's Map Logo Marks in association with the sale of Defendants' cream and cheese, constituting use in commerce. Defendants' use of the Infringing Trade Dress, in connection with the offering of their competitive cream and cheese products, is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendants' goods and thereby infringes the Map Logo Marks.

38. Upon information and belief, Defendants adopted the Infringing Trade Dress with the intent to trade on the goodwill and reputation of Plaintiff's Map Logo Marks, or to cause confusion, or to cause mistake, or to deceive consumers and the trade with respect to Plaintiff's registered mark, and/or with reckless disregard for the harm its use of the Infringing Trade Dress would cause Plaintiff and its valuable registered mark.

39. Defendants' unauthorized use of the Infringing Trade Dress constitutes infringement of Plaintiff's registered Map Logo mark. Defendants' use of the Infringing Trade Dress further constitutes a misappropriation of Plaintiff's goodwill in the Map Logo Marks, wherein Defendants are knowingly taking advantage of the goodwill established in Plaintiff's marks to promote and sell Defendants' own goods.

40. Upon information and belief, Defendants' acts of infringement have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales of their goods that Defendants would not otherwise have made but for their unlawful conduct.

41. Defendants' acts of infringement have caused, and are causing, great and irreparable injury to Plaintiff and to the Map Logo Marks and the goodwill represented thereby in an amount that cannot be ascertained at this time. Unless this infringement is restrained, Defendants' use will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

42. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further action and infringement, and to Defendants' profits and Plaintiff's damages proven to have been caused by reason of Defendants' infringement of the Map Logo Marks. Plaintiff is also entitled to costs of the action, including attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

43. Paragraphs 1-42 are incorporated by reference as though set forth in their entirety herein.

44. Plaintiff owns and uses the Map Logo Marks in California and throughout the United States.

45. Defendants have infringed, and continue to infringe, Plaintiff's Map Logo Marks by their acts as herein above alleged. Defendants' use of the Infringing Trade Dress is made without permission or authority of Plaintiff, and said use by Defendants is likely to cause confusion, mistake, or deception.

46. Upon information and belief, Defendants' acts of infringement have been committed with intent to cause confusion, cause mistake, or to deceive; or with reckless disregard for the harm their acts would cause to Plaintiff's Map Logo Marks.

47. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

48. By engaging in the conduct as herein above alleged, Defendants have acted willfully, maliciously, oppressively, and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## **THIRD CLAIM FOR RELIEF**

### **Federal Unfair Competition and False Designation of Origin**

15 U.S.C. § 1125(a)

49. Paragraphs 1-48 are incorporated by reference as though set forth in their entirety herein.

50. Defendants' use of the Infringing Trade Dress is a use in commerce of a word, term, name, symbol, or device, and/or a false designation of origin, and/or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

51. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in the amount that Defendants have profited from the sale of infringing goods and other damages. On information and belief, unless Defendants are restrained by this Court, Defendants will continue and/or expand the activities alleged above, causing great and irreparable damage and injury to Plaintiff through (a) causing a likelihood of confusion, mistake, or deception among the public as to the affiliation, connection, or association of Defendants with Plaintiff; (b) causing a likelihood of confusion, mistake, or deception among the public as to the origin, sponsorship, or approval of Defendants' goods or commercial activities with Plaintiff; and (c) causing incalculable damage to Plaintiff's goodwill and the value of Plaintiff's Map Logo Marks.

52. Defendants' acts of unfair competition and false designation of origin have caused, and are causing, great and irreparable injury to Plaintiff's Map Logo Marks and to the goods and goodwill and reputation represented thereby in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

53. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further acts of unfair competition and false designation of origin, and to recover attorneys' fees and any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition and false designation of origin.

## FOURTH CLAIM FOR RELIEF

### California Statutory Unfair Competition

Cal. Bus. & Prof. Code § 17200 et seq.

54. Paragraphs 1-53 are incorporated by reference as though set forth in their entirety herein.

55. Plaintiff owns and uses the Map Logo Marks in California and throughout the United States.

56. Defendants have infringed the Map Logo Marks by their acts as hereinabove alleged. Defendants' use of the Map Logo Marks is without permission or authority of Plaintiff and Defendants' use is likely to cause confusion, to cause mistake, and to deceive.

57. Defendants' use of the Infringing Trade Dress in commerce is intentionally designed to cause confusion regarding the source of Defendants' goods and/or whether an affiliation exists between Defendants and Plaintiff.

58. Upon information and belief the acts of infringement undertaken by Defendants were intentionally and knowingly, and with the express intent of trading on the goodwill associated with Plaintiff's Map Logo Marks and in willful disregard of Plaintiff's rights.

59. Defendants' activities complained of herein constitute unfair, deceptive, and unlawful practices in violation of California Business and Professions Code § 17200 et seq. to the injury of Plaintiff and the public.

60. The conduct of Defendants as alleged herein will, unless restrained, damage Plaintiff in an amount to be determined at trial and cause irreparable harm including the serious

impairment of the value of Plaintiff's Map Logo. Plaintiff is entitled to receive from Defendants any money Defendants have received or acquired as a result of their unfair competition.

61. As a direct result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer irreparable injury, and Plaintiff is entitled to disgorgement of Defendants' profits and an order enjoining Defendants from any further acts of unfair competition.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition

62. Paragraphs 1-61 are incorporated by reference as though set forth in their entirety herein.

63. Defendants' activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of California to the injury of Plaintiff and the public.

64. The conduct of Defendants as alleged herein will, unless restrained, damage Plaintiff in an amount to be determined at trial and will cause irreparable harm, including the serious impairment of the value of Plaintiff's Map Logo Marks.

65. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

66. By engaging in the conduct as herein above alleged, Defendants have acted willfully, maliciously, oppressively, and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That Defendants, and each of their agents, employees, licensors, licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives and all those in

privity or acting under their direction and/or pursuant to their control, be enjoined and restrained, preliminarily and permanently, from directly and indirectly:

    a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that bear the Infringing Trade Dress, or any mark or designation that so resembles Plaintiff's Map Logo Marks as to be likely to cause confusion, mistake, or deception in connection with products that have not been approved or sponsored by Plaintiff or do not originate from Plaintiff;

    b.    Using any word, symbol, design, designation, or other device that is likely to cause confusion, mistake, or deception as to an affiliation or association of Defendants or their goods with Plaintiff;

    c.    Further infringing the rights of Plaintiff in its Map Logo Marks or otherwise damaging Plaintiff's goodwill or business reputation;

    d.    Otherwise competing unfairly with Plaintiff in any manner; and

    e.    Continuing to perform in any manner whatsoever any of the wrongful acts complained of in this Complaint.

2.    That a preliminary injunction issue under 15 U.S.C. § 1116 and California Business and Professions Code § 17203, enjoining and restraining Defendants and those acting at their direction from using the Infringing Trade Dress or any other mark or imagery that infringes Plaintiff's Map Logo Marks in any manner.

3.    That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and all others in active concert or participation with Defendants, be ordered to deliver to Plaintiff for destruction all products and materials bearing or displaying the Map Logo Marks and/or Infringing Trade Dress.

4.      That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants, take affirmative steps to dispel such false impressions that heretofore have been created by Defendants' infringement of the Map Logo Marks.

5.      That Plaintiff recover from Defendants damages in an amount to be proven at trial, and that Defendants account to Plaintiff for Defendants' profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition.

6.      That Defendants pay a sum equal to three times Defendants' profits and Plaintiff's damages or such amount as the Court may in its discretion deem reasonable and just pursuant to 15 U.S.C. § 1117 (a).

7.      That Plaintiff be awarded punitive damages as authorized under California common law in view of Defendants' intentional and willful infringement of Plaintiff's Map Logo Marks.

8.      That Plaintiff be awarded its costs, including its reasonable attorneys' fees and disbursements, in this action pursuant to 15 U.S.C. § 1117(a).

9.      That Plaintiff have such other and further relief as the Court may deem just and proper.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: August 25, 2017          By _____
                                Gregory N. Owen
                                Lawrence G. Townsend
                                Kathleen E. Letourneau
                                *Attorneys for Plaintiff*
                                Marquez Brothers International, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: August 25, 2017        By _____
Gregory N. Owen
Lawrence G. Townsend
Kathleen E. Letourneau
*Attorneys for Plaintiff*
Marquez Brothers International, Inc.

S:\1Clients\MARQ\70004 - Pepe's Foods\Complaint - Map Logo Mark.doc

COMPLAINT                                                                                                                17